Clara Ebbesen, Appellant, v. The City of New York, Respondent.— As

---

* See Public Officers Law of 1909, § 33 *et seq.*— [REP.

the notice of intention to sue sufficiently stated the "time and place at which the injuries were received" (Laws of 1886, chap. 572; Greater N. Y. Charter, § 261),* the dismissal of the complaint at the close of plaintiff's case was error. Judgment reversed and new trial granted, costs to abide the event. Jenks, P. J., Stapleton, Mills, Rich and Putnam, JJ., concurred.

Sophie T. Farrell, Respondent, v. Elise Ott, as Executrix, etc., of Albert Ott, Deceased, Appellant.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Carr, Stapleton, Mills and Putnam, JJ., concurred.

In the Matter of the Application of Eugene Horton, Individually and as Sole Administrator, etc., of Webb Horton, Deceased, and Elizabeth A. Horton, for a Writ of Certiorari. The People of the State of New York, ex rel. Eugene Horton, Individually and as Sole Administrator, etc., and Another, Respondents, v. Abram B. Macardell, as Commissioner of Assessment and Taxation of the City of Middletown, Orange County, New York, and Others, Appellants.— Final order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Thomas, Carr, Rich and Putnam, JJ., concurred.

Grace Knowles, as Administratrix, etc., of Charles E. Knowles, Deceased, Respondent, v. The New York, New Haven and Hartford Railroad Company, Appellant.— Order denying motion to open default reversed, with $10 costs and disbursements, and defendant's motion to open its default granted upon the following terms: Upon condition that within ten days from the entry of this order the defendant pay to plaintiff's attorney the sum of $500, and also give a stipulation to the effect that it consents that any future judgment which the plaintiff may recover in this action shall carry interest at the rate of six per cent per annum, computed from the 8th day of July, 1915, then said default shall be opened, and the judgment entered July 8, 1915, shall be thereupon vacated and set aside; otherwise, the motion to open default is denied. Jenks, P. J., Carr, Stapleton and Putnam, JJ., concurred.

Minnie Lemaire, Respondent, v. New York and North Shore Traction Company, Appellant.— The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows: . Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Stapleton and Rich, JJ.

---

* See Laws of 1901, chap. 466, § 261, as amd. by Laws of 1912, chap. 452. —[REP.